UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **Cheryll Clewett**, | |
| Plaintiff, | Case No. 4:21-cv-409 |
| v. | |
| **F2P Industries, LLC,** | Complaint and Demand for Jury Trial |
| Defendant. | |

## COMPLAINT

**Cheryll Clewett** (Plaintiff), by and through her attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **F2P Industries, LLC** (Defendant):

## INTRODUCTION

1.      Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227.

## JURISDICTION AND VENUE

2.      This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3.      This Court has personal jurisdiction over Defendant conducts business in the State of Texas.

4.      Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5.      Plaintiff is a natural person residing in Spring, Texas, 77379.

6.      Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7.      Defendant is a business entity with principal place of business, head office, or otherwise valid mailing address at 16800 Highway 72, Arvada, Colorado 80007.

8.      Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

10.     Plaintiff has a residential and personal cellular telephone number ending in 9724.

11.     Plaintiff has only used this phone number ending in 9724 as a personal cellular telephone.

12.     Beginning on or around January 17, 2020, Defendant sent text messages to Plaintiff on her personal cellular telephone for solicitation purposes.

13.     Defendant was texting Plaintiff concerning CBD oil.

14.     Plaintiff did not request information from Defendant about CBD oil and Defendant did not have consent to contact Plaintiff.

15.     Plaintiff was also not interested in purchasing CBD oil and did not seek information regarding CBD oil.

16.     Plaintiff has been on the Do Not Call Registry since February 2005.

17.     Defendant's texts were not made for "emergency purposes."

18.     Defendant's incessant texts were bothersome, disruptive and frustrating for Plaintiff to endure.

19.     Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(B)

20.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

21.     The TCPA prohibits placing calls or sending text messages using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

23.     Defendant initiated multiple text messages to Plaintiff's cellular telephone number using an automatic telephone dialing system.

24.     The dialing system used by Defendant to text Plaintiff's cellular telephone texts telephone numbers without being prompted by human intervention before each text.

25.     The dialing system used by Defendant to text Plaintiff has the present and/or future capacity to text numbers in a random and/or sequential fashion.

26.     Defendant's texts were not made for "emergency purposes."

27.     Defendant's texts to Plaintiff's cellular telephone without any prior express consent.

28.     Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since February 2005.

29.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

30.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

31.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT II
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(C)

32.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

33.     The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

34.     Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since February 2005.

35.     Defendant texted Plaintiff on two or more occasions during a single calendar year despite Plaintiff's registration on the Do Not Call list.

36.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

37.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

4

38.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**Wherefore**, Plaintiff, **Cheryll Clewett,** respectfully prays for judgment as follows:

a.      All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

b.      Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

c.      Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

d.      Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

e.      Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

f.      Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c); and

g.      Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiff, **Cheryll Clewett,** demands a jury trial in this case.

Respectfully submitted,

Dated: 02/08/2021

By: *s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Facsimile: 877-788-2864
Email: teamkimmel@creditlaw.com

6